## Case No. 4,072.

DRAPER v. POTOMSKA MILLS CORP.

[3 Ban. & A. 214; 13 O. G. 276; Merw. Pat. Inv. 678.][1]

Circuit Court, D. Massachusetts. Feb. 12, 1878.

PATENTS—DATE OF INVENTION—REDUCTION TO PRACTICE.

1. An imperfect and incomplete invention, resting in mere theory, or in intellectual notion, or in uncertain experiments, and not actually reduced to practice and embodied in some distinct machinery, apparatus, manufacture or composition of matter, is not patentable.

2. Illustrated drawings of conceived ideas do not constitute an invention, and unless they are followed up by a reasonable observance of the requirements of the patent laws, they can have no effect upon a subsequently granted patent to another.

[Cited in Odell v. Stout, 22 Fed. 165; Christie v. Seybold, 55 Fed. 78. Quoted in Hubel v. Dick, 28 Fed. 140.]

3. A patentee whose patent is assailed upon the ground of want of novelty, may show by sketches and drawings the date of his inceptive invention, and, if he has exercised reasonable diligence in perfecting and adapting it, and in applying for his patent, its protection will be carried back to such date.

[Cited in Consolidated Bunging Apparatus Co. v. Woerle, 29 Fed. 452.]

[Bill in equity by George Draper against the Potomska Mills Corporation for the infringement of reissued letters patent No. 6,016, granted to G. Draper, August 18, 1874, upon original patent No. 127,159, granted May 28, 1872.]

Chauncey Smith and A. K. P. Joy, for complainant.

Benjamin F. Thurston and D. Hall Rice, for defendants.

SHEPLEY, Circuit Judge. This case has been argued at great length and with great ability, upon a record of over eleven hundred pages of testimony. I will state as briefly as possible the conclusions to which the court has arrived, after a careful consideration of the evidence, and the elaborate arguments of counsel.

First, that the invention by Draper of a combined spindle and bobbin, the spindle

---

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden. Esq., and here reprinted by permission. Merw. Pat. Inv. 678, contains only a partial report.]

consisting of a shaft having a sleeve attached to it which extends down over the tubular and elevated bolster, and below the bolster, to carry the whirl between the bolster and the step, and fitted for a bobbin to extend below the top of the bolster, the bobbin having a bearing above the bolster, and another below the bolster upon the sleeve, as described in his patent, reissue No. 6,016, dated August 18th, 1874, was novel, useful and patentable.

Second, that the said Draper is entitled, upon the evidence in this record, to date his invention as having been substantially made by him as early as May 13th, 1871, and fully perfected and embodied in an operative spindle and bobbin prior to January 19th, 1872.

An imperfect and incomplete invention, resting in mere theory, or in intellectual notion, or in uncertain experiments, and not actually reduced to practice and embodied in some distinct machinery, apparatus, manufacture, or composition of matter, is not, and indeed cannot be, patentable under our patent acts, since it is impossible, under such circumstances, to comply with the fundamental requisites of those acts. Reed v. Cutter [Case No. 11,645]. Illustrated drawings of conceived ideas do not constitute an invention, and unless they are followed up by a seasonable observance of the requirements of the patent laws, they can have no effect upon a subsequently granted patent to another. But a patentee whose patent is assailed upon the ground of want of novelty, may show by sketches and drawings the date of his inceptive invention, and, if he has exercised reasonable diligence in perfecting and adapting it, and in applying for his patent, its protection will be carried back to such date. Reeves v. Keystone Bridge Co. [Id. 11,660]. The drawings made by Draper, and exhibited to Sawyer, May 13th, 1871, exhibit a matured and perfected invention in the mind of the inventor, requiring only an embodiment in an operative spindle and bobbin to entitle him to a patent. As there was no unreasonable delay or want of diligence in perfecting and adapting the invention and applying for a patent, I see no reason, upon the evidence in this record, why the protection of his patent should not be carried back to that date. I therefore find, third; that Draper was the original and first inventor of what is claimed by him in the reissued patent aforesaid, and was not anticipated by any of the persons whose prior knowledge and use are alleged as matter of defence in the answer of respondents.

Upon a comparison of the reissued with the original patent, no new invention is found to be described or claimed in the reissue, or anything which is not clearly indicated and claimed as invention in the original. The "new matter" relied upon by defendants proves to be only new words or phrases more aptly describing the old invention. The same construction and combination of spindle and bobbin are claimed in the reissue as in the original. The fourth conclusion, therefore, is that the reissued patent is valid.

Fifth, the respondents, by constructing and combining their spindle and bobbin, as proved, so that the spindle, bolster and sleeve will permit a quill-bobbin of ordinary size to come down and so encompass the same as to take one bearing upon the sleeve below the top of the bolster, and another upon the spindle above the sleeve or bolster, the sleeve carrying the whirl between the bolster and the step, have infringed the first, third, fourth and sixth claims of the reissued patent.

Decree for injunction and account as prayed for in complainant's bill.